972, 972 [1991], *lv denied* 79 NY2d 1007 [1992]). Furthermore, defendant's notice of appearance applied only to the "then-entirely-separate [drug charges]" and not to the subsequent homicide charges at issue, and the People therefore were not obligated to consider the notification, which included the request to testify, as pertaining to the subsequent homicide charges (*People v Steed*, 253 AD2d 714, 715 [1998], *lv denied* 92 NY2d 1054 [1999]). Thus, the notice of appearance did not trigger defendant's right to notification of the presentment of the homicide case. Present—Scudder, P.J., Smith, Centra, Lindley and Martoche, JJ.

■ In the Matter of GAMALIEL (TONY) DOMINGUEZ, Respondent, v PATRICK M. O'FLYNN, Monroe County Sheriff, et al., Appellants. (Appeal No. 1.) [951 NYS2d 452]—

Present—Scudder, P.J., Smith, Centra, Lindley and Martoche, JJ.

■ In the Matter of GAMALIEL (TONY) DOMINGUEZ, Respondent, v PATRICK M. O'FLYNN, Monroe County Sheriff, et al., Appellants. (Appeal No. 2.) [951 NYS2d 817]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge his termination from employment as a deputy in the Monroe County Sheriff's Office based on his violation of three departmental rules and regulations. Following a hearing, Supreme Court granted those parts of the petition seeking to vacate the findings of guilt with respect to counts